UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:    -CIV-

ANDRE BRANDAO,

    Plaintiff,

v.

THE NEIMAN MARCUS GROUP LLC,
d/b/a NEIMAN-MARCUS.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ANDRE BRANDAO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, THE NEIMAN MARCUS GROUP LLC, d/b/a NEIMAN-MARCUS (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

### PARTIES

2. Plaintiff, ANDRE BRANDAO, is an adult, male resident of Miami-Dade County, Florida.

3. Defendant, CVS PHARMACY is authorized to conduct business in Florida, and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981 since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute.

5. At all times material hereto Plaintiff was an "employee" within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §1981.

## JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.A. §1331, 1343, and 1367.

7. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

8. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

9. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

11. Plaintiff is an openly gay male and is a member of a class of persons protected from discrimination in his employment under 42 U.S.C.A. § 1981 and Title VII of the Civil Rights Act, as amended.

12. On or about the year 2018, Plaintiff attended an initial job interview in reference to the open sales associate position within one of Defendant's store. The job interview was conducted by the then store manager, Mr. Shawn Schmidt.

13. Mr. Shawn Schmidt, who is also an openly gay male, throughout the entire interview process would ask inappropriate questions in regards Plaintiff's sexual preference and preferred sexual positions, which made Plaintiff extremely uncomfortable and shocked by the line of questioning.

14. Plaintiff believing that if he does not answer the questions presented by Mr. Shawn Schmidt, who was the store manager and had the final decision on all hiring within that particular Neiman-Marcus store would not hire him, unreluctantly answered all of Mr. Mr. Shawn Schmidt which included but was not limited to whether Plaintiff "like it to be on top" which is a reference to a homosexual act.

15. After the uncomfortable job interview, Plaintiff was selected and hired by the Defendant on or about the same year of 2018 and began working as a sales associate within the store.

16. Throughout Plaintiff's entire work tenure working with Defendant, Mr. Shawn Schmidt would constantly harass Plaintiff in a sexual matter and began trying to pursuit a sexual relationship with him, although Plaintiff was not interested nor believed to be professional behavior from Mr. Shawn Schmidt.

17. For example, but not limited to, Mr. Shawn Schmidt would frequently talk to Plaintiff within the store and text him provocative requests such as inviting Plaintiff back to his house to engage in sexual intercourse with him.

18. Plaintiff throughout his time working with Mr. Shawn Schmidt, would verbally tell him that he was uncomfortable with the sexual advances, and requested for him to stop, although this did not deter Mr. Shawn Schmidt's behavior to stop at the least.

19. Mr. Shawn Schmidt, regardless of the constant rejection and appeals from Plaintiff to stop his behavior would continue to confront in person and text him sexually charged text messages, which include but are not limited to:

    a. On or about April 8th, 2020, Mr. Shawn Schmidt texted Plaintiff saying, "Come paint my bedroom Mr. Handyman," which Plaintiff and Mr. Shawn Schmidt knew referenced sexual role-playing on behalf of Mr. Shawn Schmidt.

    b. On or about June 8th, 2020, Mr. Shawn Schmidt sent yet another text message Plaintiff stating "I hope all is well...yes see you soon I hope, and give you big, big …" in which Plaintiff and Mr. Shawn Schmidt knew referenced sexual acts.

    c. On or about September 4th, 2020, Mr. Shawn Schmidt sent a text message to Plaintiff that stated, "Let's party, I am alone watching tv." in which again, Plaintiff and Mr. Shawn Schmidt knew referenced sexual acts.

20. After persist refusal of Mr. Shawn Schmidt's sexual advances and sexual innuendos, Mr. Shawn Schmidt approach to Plaintiff became hostile, and inevitability created a hostile workplace for Plaintiff.

21. On or about May 26th, 2021, Plaintiff received a call from the store's security telling Plaintiff that he needed to report to Defendant's Human Resources Department because Plaintiff knowingly received a fake $100.00 dollar bill. When Plaintiff reported to Defendant's Human Resources Department and asked for proof of the action, he was not presented with any evidence of the accusation.

22. Instead, Defendant's Human Resources Department demanded that Plaintiff sign documentation that stated that he admitted to receiving counterfeit money, in which Plaintiff refused to sign.

23. On or about May 28th, 2021, Plaintiff went on a priorly requested vacation and received a call from Mr. Shawn Schmidt asking for an explanation for his absence from work. Plaintiff explained to Mr. Shawn Schmidt that he was on his previously requested allocated company vacation time visiting Puerto Rico, in which Mr. Shawn Schmidt replied that "there will be consequences" upon return to the store.

24. When Plaintiff returned from his vacation and reported back to work, he decided to go to Defendant's Human Resources Department, and explain all the hostile and harassing behavior he experienced throughout the years as result of Mr. Shawn Schmidt.

25. After reporting all the hostile and harassing behaviors to Defendant's Human Resources Department that he experienced as result of Mr. Shawn Schmidt, Plaintiff was wrongfully terminated without explanation.

26. As a result of Defendant's discriminatory treatment and sexual harassment of the Plaintiff based on his gender and sexual orientation, Plaintiff had suffered damages and was forced to retain undersigned counsel.

27. At all times relevant, Plaintiff met his position performance standards, qualifications requirements, and has never been written up or reprimanded by Defendant.

**COUNT I: SEX/GENDER DISCRIMINATION UNDER TITLE VII**

28. Plaintiff reasserts his allegations in paragraph 1-27 as fully set forth herein.

29. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

> "(1)   It shall be an unlawful employment practice for an employer:

    a. To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

30. As part of its prohibitions, Title VII prohibits sex/gender discrimination.

31. Plaintiff was subjected to constant sexual harassment and discriminatory behavior by Mr. Shawn Schmidt due to his gender, as Mr. Shawn Schmidt was attempting to pursuit a sexual relationship with Plaintiff.

32. No reason was given to Plaintiff when he was wrongfully terminated after reporting Mr. Shawn Schmidt wrongful behaviors although Plaintiff held the position performance standards, qualifications requirements, and has never been written up or reprimanded by Defendant.

33. The constant sexual harassment, hostile workplace, and wrongful termination by Defendant that Plaintiff was subjected to was of result of his sex (male).

34. Defendant's alleged bases for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

35. As a result of the discriminatory conduct to which the Plaintiff was subject to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.

36. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

37. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

38. Plaintiff further seeks her attorney's fees and cost as permitted by law.

## COUNT II: SEXUAL ORIENTATION DISCRIMINATION UNDER TITLE VII

39. Plaintiff reasserts his allegations in paragraph 1-26 as fully set forth herein.

40. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

"(1)   It shall be an unlawful employment practice for an employer:

(a)   To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

41. As part of its prohibitions, Title VII prohibits discrimination on sexual orientation.

42. Plaintiff was subjected to discriminatory due to his sexual orientation (Homosexual) when he suffered constant sexual harassment, hostile workplace, and wrongful termination by Defendant and Mr. Shawn Schmidt

43. As a result of the discriminatory conduct to which the Plaintiff was subject to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.

44. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

45. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

46. Plaintiff further seeks her attorney's fees and cost as permitted by law.

## COUNT III
## SEXUAL HARASSMENT

47. Plaintiff reasserts her allegations in paragraph 1-31 as fully set forth herein.

48. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1)   It shall be an unlawful employment practice for an employer:

        (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

49. As part of its prohibitions, Title VII prohibits sexual harassment.

50. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

51. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted actionable sexual harassment.

52. Defendant's alleged basis for its adverse conduct against Plaintiff and Plaintiff's wrongful termination are pre-textual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of its conduct.

53. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's constructive discharge, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff and Plaintiff's constructive discharge.

54. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced

and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, and lost benefits.

55. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

56. Plaintiff further seeks her attorney's fees and cost as permitted by law.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

57. Plaintiff repeats and realleges paragraphs 1 -31 hereof, as if fully set forth herein.

58. Plaintiff engaged in protected activity by refusing sexual advances from Mr. Shawn Schmidt and discriminatory treatment based on Plaintiff's sex and sexual orientation.

59. Plaintiff also reported all the hostile and harassing behaviors to Defendant's Human Resources Department that he experienced as result of Mr. Shawn Schmidt, which resulted in Plaintiff getting wrongfully terminated without explanation.

60. As a result of the discriminatory conduct to which the Plaintiff was subject to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.

61. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, and lost benefits.

62. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

63. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

By: /s/ *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088